# The State, *ex rel.* Simpson *v.* May.

### *Information, in Nature of Quo Warranto, to try Right to Office of County Tax Assessor.*

*Tax assessor of Mobile; election of.* — The special act approved February 15, 1867 (Sess. Acts 1866–7, p. 494), which authorized the commissioners of revenue of Mobile County to elect the tax assessor of said county, was a valid law, being passed during the existence of the provisional government; but it has not been treated as a law of binding force by the government organized under the reconstruction acts of Congress; is at variance with the language and spirit of several general statutes since enacted, and is hereby declared to have been repealed by those general statutes.

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

The principal facts of this case are stated in the opinion of the court. It should be added, however, that the respondent, in his answer to the information, in setting out the several laws relating to the office of tax assessor of Mobile County, on which he based his claim to said office, expressly cited and relied on the act adopting the Revised Code, and section ten of

[State *v.* May.]

said Revised Code. The said act, which was approved July 29, 1868, and is entitled :" An act to continue in force certain laws," is in these words : " Sec. 1. *Be it enacted*," &c., " That all laws, and parts of laws, of the Revised Code of Alabama, except such as conflict with the Constitution and laws of the United States, or the Constitution of this State, be, and the same are hereby, declared to be in full force and effect until repealed by this or some succeeding legislature." Said section 10 is in these words : " All laws of a local nature, operating in particular counties, and of a private nature, operating upon particular persons, are hereby continued in full force." The relator demurred to the respondent's answer, and there was a joinder in the demurrer. The Circuit Court sustained the demurrer, and rendered judgment for the respondent, and its judgment is now assigned as error.

GEO. N. STEWART, for the appellant.

ALEX. MCKINSTRY & P. HAMILTON, *contra.*

PETERS, C. J. — This is a controversy touching the right to the office of tax assessor in the County of Mobile. The proceeding is instituted by Simpson against May, under the Code. Rev. Code, § 3082. Simpson is the relator in the court below, and May is the respondent. The relator bases his claim to the office of tax assessor in the County of Mobile, upon an election by the qualified voters of said county, at the general election held on the first Tuesday after the first Monday in November, 1871, under the " Act to regulate elections in this State," approved October 8, 1868. Pamph. Acts 1868, pp. 269–289, No. 49. The respondent rests his claim upon the election to the same office by commissioners of revenue for the County of Mobile, which was held by said commissioners on the 16th day of October, 1871 ; and also on an election by the people, under the Convention Ordinance No. 32, on the 4th, 5th, 6th, and 7th days of February, 1868 (Pamph. Acts 1868, pp. 180, 181), which was ratified by an act entitled " An act to authorize the issuance of certificates of election to certain officers," approved July 24, 1868. Pamph. Acts 1868, p. 6. This latter act authorizes the President of the Constitutional Convention of September 5, 1867, to issue certificates of election to " one assessor of taxes, one collector of taxes, one treasurer, and four county commissioners in each county," who had been elected at said election in February, 1868. And it directs, " that the aforesaid officers shall enter upon the discharge of their duties as soon as they shall be qualified in accordance with law, and discharge the same for *three* years from the *next* general elec-

tion, *except* the *treasurer*, who shall hold for *four* years." This is the law that must govern this court. This last named act seems to be misquoted in the respondent's answer. The word "assessor" is substituted for *treasurer*. Under this law, the respondent's right terminated on the election of Simpson, at the general election in November, 1871. See, also, Pamph. Acts 1868, p. 272, § 8.

The next inquiry is as to the validity of May's claim under the election by the commissioners of revenue for Mobile County, which is alleged to have taken place on October 16, 1871. Whether this claim can be supported, depends upon the law in force at the time this election was made. The act approved on the 15th day of February, 1867, giving to the commissioners of revenue for Mobile County authority to elect an assessor of taxes in that county, is not void, because it was passed by the General Assembly of the provisional government of this State. This has never been so declared by this court. But the law itself seems to have been repealed in effect, if not in express terms, by the general revenue law passed at the same session of the General Assembly, which was approved February 19, 1867. This latter enactment is entitled "An act to establish revenue laws of the State of Alabama." It provides, "That the tax assessor elected in each county on the sixth day of November, 1865, is hereby declared to be duly elected assessor for the time for which he was elected; and that the assessor in each county shall be elected by the legally qualified voters of the county, on the first Monday of August, 1867, and every two years thereafter; and the term of office of said assessor shall commence on the first day of January, 1868, and continue for two years there-after." Pamph. Acts 1866, 1867, p. 276, § 25. And the 108th section of the same act, in express terms, repeals all laws conflicting with it as to the election of the assessor of taxes. This section is in these words : " That the act to secure taxes from transient dealers, and all laws and parts of laws conflicting with the provisions of this act, be, and the same are hereby, repealed : *Provided*, that this section shall not be construed to repeal any special acts heretofore passed in relation to taxes to be assessed in any county for special purposes, but the same shall continue in full force and effect."

But, were this otherwise, the Election Law of 1868, entitled "An act to regulate elections in this State," approved October 8, 1868, necessarily repeals the Act of February 15, 1867, above referred to, and on which May's title is presumed to be founded. It was evidently intended to inaugurate a distinct and general system of elections in the whole State. Such statutes are almost universally construed to repeal all former

statutes which conflict with their provisions.    Smith's Com.
p. 905, § 788.   Here, the objects of the two statutes are incon-
sistent and conflicting.   The Act of October 8, 1868, above
mentioned, directs, " That the following officers in this State
shall be elected by the qualified electors, viz., governor, lieu-
tenant-governor, secretary of state, treasurer, auditor, attor-
ney general, senators and representatives of the General As-
sembly, superintendent of public education, members of the
board of education, commissioner of industrial resources, judges
of the Supreme Court, judges of the Circuit Courts, chancel-
lors, judge of probate, and judges of other inferior courts, con-
stables, county treasurers, coroners, justices of the peace,
sheriffs, clerks of the Circuit Court, and clerks of the inferior
courts, county solicitors, tax collectors, and *tax assessors*,
county superintendents of education, county commissioners,
representatives in Congress, electors for President and Vice-
president of the United States." Acts 1868, p. 269, 270,
271, § 4.   Moreover, this last named act prescribes when the
tax assessor shall be elected, and fixes the term of his office,
which is different from the Act of February 15, 1867.   Acts
1868, p. 272, § 8.   This section is in these words : " That one
sheriff, one coroner, four county commissioners, one county
treasurer, one *tax assessor*, one tax collector, shall be elected
*in each county ;* two justices of the peace for each election pre-
cinct, and one constable for each precinct in the county, shall
be elected on the first Tuesday after the first Monday in No-
vember, one thousand eight hundred and seventy-one, and
every three years thereafter."   This law makes no exception
in favor of the County of Mobile ; nor can such an exception
be inferred from the language or the purpose of the act.   It
must be presumed, then, that no such exception was intended
to be made.

This construction also harmonizes with other statutes passed
by the same General Assembly, upon the same subject; such
as the law which authorizes the governor to fill by his appoint-
ment all vacancies in the office of tax assessor, and other offices
therein named; which repeals all laws in conflict with it
(Pamph. Acts 1868, p. 351, No. 12) ; and also the law author-
izing " the governor to commission tax collectors and assessors."
Pamph. Acts 1868, pp. 54, 55.   It seems plain that very little
attention has been paid to the Act of February 15, 1867, since
its passage, and that the state government organized under the
reconstruction acts of Congress has not treated it as a law in
force.   This legislative construction is the proper one.   The
law does not harmonize with the present system, and it cannot
be enforced without a plain disregard of the language and the
spirit of all the statutes passed upon the same subject since
its approval.

[Hendon *v.* State.]

Under this view of the law in force at the election of Simpson, the relator, he is entitled to the office of tax assessor in the County of Mobile, upon his complying with the requirements of the law, for the term of three years from the day of his election, as set out in his petition. The demurrer of the respondent, May, to Simpson's petition, should have been overruled. In sustaining it the court erred, and for this error the judgment of the court below is reversed, and the cause is remanded for such further proceedings in the court below as the law may permit. The appellee, May, will pay the costs of this appeal, in this court and in the court below.